FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2021 AUG 30 PM 12: 00

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TINA HARDIN,<br><br>Defendant. | 8:20CR71<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Jan W. Sharp, Acting United States Attorney and Sean P. Lynch, Assistant United States Attorney, and defendant, Tina Hardin, and ~~James Martin Davis~~ Jeffrey L. Thomas, counsel for defendant, as follows:

## I

## THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 115(a)(1)(B) & (b)(4).

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

1

## II
## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant threatened to assault, kidnap, or murder a United States official whose killing would be a crime under such section;
2. Defendant did so with the intent to impede, intimidate, or interfere with such official while engaged in the performance of their official duties and with intent to retaliate against such official on account of the performance of official duties.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. That on or about January 29, 2020, Defendant was brought to the Veterans Affairs ("VA") Hospital in Omaha, Nebraska. Defendant was making homicidal and suicidal statements to the VA medical staff upon being dropped off, specifically, that she wanted to "shoot up the VA." Defendant was an employee at the time of the VA as a shuttle driver. Hardin stated that her plan was to gather weapons and magazines and shoot and kill Victim 1 and 2, dispatchers with the VA shuttle service and Victim 3, a supervisor in the VA shuttle service. Defendant described the weapons she planned to use as an Uzi, an AR-15, a sawed off shotgun, and a Glock 9mm handgun.

## III
## PENALTIES

A.  COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 10 years in prison;
2. A maximum $ 250,000 fine;
3. A mandatory special assessment of $100 per count; and

    4.    A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5.    Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A.    SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of 12 months to be followed by a 3 year term of supervised release. This term of supervised release will include provisions that the Defendant:

    1.    You shall participate in mental health counseling as deemed necessary by your Probation and Pretrial Services Officer after an appropriate evaluation and recommendation for treatment by a mental health professional; sign authorization for the release of information to your Probation and Pretrial Services Officer; pay all or a portion of treatment in an amount and on a schedule to be arranged by your supervising Probation and Pretrial Services Officer.

    2.    You shall not commit another federal, state, or local crime.

    3.    You shall notify the officer of any contact with law enforcement.

    4.    You shall reside in the District of Nebraska unless the Probation and Pretrial Services Officer approves a transfer.

    5.    You shall notify the Probation and Pretrial Services Officer of any change in your residence.

    6.    You shall submit a truthful and complete report to the Probation and Pretrial Services Officer once a month.

7. You shall truthfully answer any inquiries and follow the Probation and Pretrial Services Officer's instructions.

8. You shall abide by any restrictions on place of abode or travel to include not leaving Nebraska unless pre-approved by the supervising officer.

9. You shall undergo processing by the U.S. Marshals Service as arranged by the supervising Probation and Pretrial Services Officer.

10. You shall truthfully report to the United States Pretrial Services Agency as directed [telephone number (402) 661-7555] and comply with their directions.

11. You shall abide by the following restrictions on personal associations, place of abode or travel: Not leave Nebraska unless pre-approved by the supervising Probation and Pretrial Services Officer or the Court.

12. Participate in mental health counseling as deemed necessary by the pretrial services officer after an appropriate evaluation and recommendation for treatment by a mental health professional. You shall sign authorization for the release of information to pretrial services. You shall pay all or apportion of the treatment costs in an amount and on a schedule to be arranged by the supervising Probation and Pretrial Services Officer.

13. You shall not possess a firearm, destructive device, or other dangerous weapon.

14. You shall refrain from any use or possession of alcohol.

15. You shall not possess or use a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

16. You shall submit to any method of testing at your own expense as required by the Probation and Pretrial Services Officer for determining whether you are using a prohibited substance or alcohol. Such methods may be used with random frequency and may include urine testing, the wearing of a sweat patch, blood tests, and/or a remote alcohol testing system. You shall not obstruct or attempt to obstruct or tamper in any fashion with the efficiency and accuracy of any substance testing equipment, nor submit samples of body fluids which are not her own, nor otherwise adulterate any samples submitted for testing. All collections of fluids for testing shall at your own expense, payable at the time of collection.

17. You shall obtain a substance abuse treatment evaluation at the direction of the supervising Probation and Pretrial Services Officer and participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising Probation and Pretrial Services Officer. You shall pay all or a portion of the treatment in an amount and on a schedule to be

   arranged by the supervising officer. Copies of the evaluator's reports and recommendations shall be given to all counsel and the court.

18. You shall report as soon as possible to the supervising Probation and Pretrial Services Officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

19. You shall, if directed by the supervising Probation and Pretrial Services Officer, notify third parties of risks that may be occasioned by your criminal record or personal history, and shall permit the supervising Probation and Pretrial Services Officer to make such notification and to confirm your compliance with notification requirements.

20. You shall refrain from any direct or indirect contact with a government official without prior approval of your supervising Probation and Pretrial Services Officer.

The parties agree that these provisions are not exhaustive and the Court or Probation Office may impose additional provisions as the Court or Probation Office deems appropriate. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to

the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

      (a) As provided in Section I above, (if this is a conditional guilty plea); and

      (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

      (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

      (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

### BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

ACTING UNITED STATES OF AMERICA
JAN W. SHARP
United States Attorney

8/30/2021
Date

SEAN P. LYNCH
ASSISTANT U.S. ATTORNEY

6-11-2021
Date

TINA HARDIN
DEFENDANT

6/11/2021
Date

JAMES MARTIN DAVIS    Jeffry L. Thomas
COUNSEL FOR DEFENDANT

8